UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUNIUS P. LEISURE II,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | No. 22-cv-4910 |
| : | |
| **COUNTY OF LANCASTER COUNTY,** : | |
| **PENNSYLVANIA,** *et al.***,** : | |
|     **Defendants.** : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                  **December 15, 2022**
**United States District Judge**

       Junius P. Leisure II, an inmate currently housed at SCI Fayette, filed a Complaint, and a Motion to Proceed *In Forma Pauperis*. Named as Defendants are Lancaster County, Primecare Medical, Inc. ("Primecare"), and two unidentified medical staff members at Lancaster County Prison ("LCP"). For the reasons that follow, the Court will grant Leisure leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.**       **FACTUAL ALLEGATIONS**[1]

       Leisure alleges that between January 1, 2016 and July 14, 2016, while he was incarcerated at LCP, he suffered a buildup of earwax that caused him pain and affected his hearing. (Compl. at 4.) During this time period, he requested to be seen by the medical department at LCP, where Defendant Primecare provides medical services on a contract basis. (*Id.*) He received treatment by the two unidentified medical staff members who, reading the Complaint liberally, appear to be either Primecare or Lancaster County employees. (*Id.*)

---

[1] The allegations are taken from Leisure's Complaint (ECF No. 2). Court adopts the pagination assigned by the CM/ECF docketing system.

"Medical Staff Member A" allegedly examined his ears, agreed that he had a buildup of wax and gave instructions to "Medical Staff Member B" on how to do a procedure to clean Leisure's ears. (*Id*. at 4-5.)  Medical Staff Member A then exited the room leaving Medical Staff Member B to do the procedure alone.  (*Id*. at 5.)  Leisure alleges that Medical Staff Member B should not have been permitted to do the procedure unsupervised.  (*Id*.)  Medical Staff Member B allegedly used scalding hot water for the procedure, causing Leisure to be delirious, nauseous, and dizzy and to vomit shortly thereafter.  (*Id*.)  Leisure refused to permit Medical Staff Member B to treat his other ear believing the person had no idea what she was doing.  (*Id*. at 5-6.)  When Medical Staff Member A returned, Leisure complained that the water was too hot, and Medical Staff Member A replaced it with cold water to irrigate his other ear.  (*Id*. at 6.)  Thereafter, Leisure was provided with an earwax loosening agent and told he would have a follow-up appointment, which did not occur before he was transferred from LCP.  (*Id*.)  He allegedly received no medication at LCP for the pain he suffered from the use of scalding water in his ear and his inner ear showed signs of scabbing.  (*Id*.)  After he was transferred to SCI Camp Hill, he was treated by an outside audiologist who allegedly confirmed that Leisure suffered hearing loss to his right ear attributable to the treatment he received at LCP.  (*Id*.)

       Leisure asserts he is legally deaf due to the incident, suffers tinnitus and vertigo, and fears getting his ears cleaned.  He seeks an award of compensatory and punitive money damages. (*Id*. at 7.)

**II.    STANDARD OF REVIEW**

The Court grants Leisure leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Leisure is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Because Leisure checked the box on his Complaint form indicating that he seeks to invoke federal question jurisdiction over his claim, the Court first considers whether a claim under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, as well as a state law claim for medical malpractice, are timely.  The timeliness of a § 1983 claim is governed by

---

[2] Because Leisure is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Leisure's § 1983 claim and to his medical malpractice claim arising under Pennsylvania law is two years.

Leisure signed the Complaint on December 2, 2022. (Compl. at 8.) He alleges that the incident occurred while he was incarcerated at LCP between January 1, 2016 and July 14, 2016 (*Id*. at 4.) It is thus clear from the face of the Complaint that Leisure filed his claim beyond the two-year statute of limitation, rendering it untimely. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2004). "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893 (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the

differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).  Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact.  *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011).  As such, it is properly a question for the jury unless no reasonable juror could find otherwise.  *Fine*, 870 A.2d at 858-59.

No reasonable juror could find that Leisure's claim is timely.  He alleges that he was present and aware of the allegedly improper medical treatment as it happened, understood he had been injured, and that his injury was caused by the too hot water being placed in his ear.  One exercising reasonable diligence would thus know that he was injured, and by what cause, when the incident occurred.  For this reason, the Court is constrained to find that Leisure's claims are untimely and must be dismissed with prejudice.

An appropriate Order follows.

                **BY THE COURT:**

                */s/ Joseph F. Leeson, Jr.*_____
                **JOSEPH F. LEESON, JR.**
                **United States District Judge**